UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CITIFINANCIAL MORTGAGE CO., INC., | ) ) ) | Case No. 1:05CV1536 |
| Plaintiff, | ) ) | |
| vs. | ) ) | MAGISTRATE JUDGE McHARGH |
| VICTOR WAYNE NAGY,  et al., | ) ) ) | |
| Defendants. | ) ) | ORDER AND DECREE IN FORECLOSURE |
| | ) | |

McHARGH, MAG. J.

This matter is before the court on motions for summary judgment (doc. 20), and for an order directing a foreclosure sale (doc. 30), by Plaintiff CitiFinancial Mortgage Co., Inc. ("CitiFinancial"), successor in interest to Associates Home Equity Services, Inc.  After consideration of CitiFinancial's motion for summary judgment, and the defendant's responses, the court previously granted the motion for summary judgment on the issue of liability. (Doc. 28.)

In its order of Feb. 16, 2006, the court directed CitiFinancial to submit materials evidencing an accounting and calculation of its damages within seven

2

days.  CitiFinancial complied with that order in a timely fashion on Feb. 23, 2006.  (Doc. 29.)  As of today, the court has received no objection from the defendant regarding the correctness of the payments received, interest calculated, and other amounts alleged to be due.  Thus, the court accepts as true the plaintiff's affidavit regarding the amount of damages owed.

The court finds that the defendant Victor Wayne Nagy ("Nagy") has defaulted on a Promissory Note, and as such, plaintiff CitiFinancial is entitled to judgment as a matter of law.  Accordingly, based on the uncontested evidence provided by the plaintiff, the court finds that there is due and owing to plaintiff CitiFinancial from defendant Nagy upon the subject Note the principal balance of $115,259.66, for which judgment is hereby rendered in favor of the plaintiff, with interest at the rate of 8.3 percent per annum from Feb. 17, 2005 (amounting to $13,646.03 as of Feb. 22, 2006), together with late charges in the amount of $493.13, fees in the amount of $50.00, plus advances in the amount of $207.00, made by plaintiff to protect its interest in the Property.  Further, plaintiff has incurred recoverable expenses in pursuing this foreclosure action in the amount of $1152.00.  Thus, the total amount owed to the plaintiff to satisfy the judgment, as of the accounting of Feb. 22, 2006, is $130,807.82.

The Note is secured by the Mortgage held by plaintiff, which constitutes a valid and first lien upon the following described premises (the "Property"):

> Situated in the City of Brookpark, County of Cuyahoga and State
> of Ohio and known as being Sublot No. 14-R in Sheldon Meadows
> Re-Subdivision No. 1 of part of Original Middleburg Township Lot

3

No. 4, Section 19, as shown by the record plat in Volume 176 of
Maps, page 18 of Cuyahoga County Records, as appears by said
plat.

Parcel Number:  341-23-019

Commonly known as:        6508 Christene Boulevard
                          Brookpark, Ohio  44142


The court finds that the Mortgage was filed for record on April 17, 2001,

as Instrument Number 200104170699 in the Cuyahoga County Recorder's

Office; that the Mortgage, together with the Note, was assigned to plaintiff

CitiFinancial by an Assignment of Mortgage filed for record on November 8,

2001, as Instrument Number 200111080298, of the Cuyahoga County

Recorder's Office; that the conditions of said Mortgage have been broken; and

that plaintiff is entitled to have the equity of redemption of the defendant-

titleholder foreclosed.


**IT IS THEREFORE**

     **ORDERED**, that unless the sums hereinabove found to be due to

Plaintiff CitiFinancial Mortgage Co., Inc., successor in interest to Associates

Home Equity Services, Inc., and the costs of this action, be fully paid within

three (3) days from the date of the entry of this decree, the equity of redemption

of the defendant-titleholder in said real estate shall be foreclosed, and the real

estate sold, free and clear of the interest of all parties herein, and an order of

sale shall issue to the United States Marshal of the Northern District of Ohio,

4

directing him to seize, maintain control and custody, and sell same at public sale at the steps of the Cuyahoga County Courthouse, Cleveland, Ohio, or by other commercially feasible means, as upon execution and according to law, after having the Property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002.  The Daily Legal News is designated as the appropriate newspaper in which to advertise the sale of the Property.  The Marshal shall report his proceedings to this court.

**ORDERED FURTHER**, that the United States Marshal shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the event that an Order of Sale is returned by the Marshal unexecuted, subsequent Orders of Sale shall issue in accord with the court's instructions.

**ORDERED FURTHER**, that the additional rights and responsibilities of the parties shall be as follows:

1.  The United States Marshal or his representative is authorized to have free access to the realty and to take all actions necessary to seize, maintain control and custody, and sell the Property.

2.  Victor Wayne Nagy, or anyone else occupying the Property with the permission of Nagy, shall vacate the Property, taking with them their personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the real property), within thirty (30) days from the date that this order is

5

entered.  The defendants are also ordered to turn over all keys (including

duplicates) to the Property to the U.S. Marshal, located at the U.S. Courthouse,

801 West Superior Avenue,  Cleveland, Ohio, 44113, within thirty (30) days

from the entry of this order.  If any person occupying the real property fails or

refuses to leave and vacate the realty by the time specified herein, the U.S.

Marshal and his deputies are authorized and directed to take all actions that

are reasonably necessary to bring about the ejection of those persons.  If any

person fails or refuses to remove his or her personal property from the real

property by the time specified herein, the personal property remaining in or on

the real property thereafter is deemed forfeited and abandoned, and the

Marshal and his deputies are authorized to remove it and dispose of it in any

manner the Marshal sees fit, including sale, in which case the proceeds of the

sale are to be applied under the same guidelines as described herein for the

proceeds of the sale of the real property.

3.  Until they vacate the real property, Victor Wayne Nagy, and his

unknown spouse, if any, shall take all reasonable steps necessary to preserve

the real  property (including all buildings, improvements, fixtures, and

appurtenances on the real property) in its current condition.  Until the real

property is sold, they shall not commit waste against the real property, nor

shall they cause or permit anyone else to do so.

4. Once the Property is vacated, CitiFinancial shall take whatever steps

are necessary to preserve and maintain the realty, including retaining a

6

locksmith or other person to change or install locks or other security devices on any part of the realty, and insuring that no plumbing pipes and/or fixtures freeze or burst, until the deed to the realty is delivered to the ultimate purchaser.

**ORDERED FURTHER**, that the United States Marshal, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

(1)    To the United States Marshal, for his fees and to satisfy all costs incurred by the Marshal incident to the seizure, custody, control, advertising and sale of the Property.

(2)    To the Treasurer of Cuyahoga County, the taxes and assessments due and payable as of the date of transfer of the Property after the U.S. Marshal's sale.

(3)    To the Plaintiff CitiFinancial Mortgage Co., Inc., successor in interest to Associates Home Equity Services, Inc., the sum of $115,259.66, with interest at the rate of 8.3 percent per annum from Feb. 17, 2005 (amounting to $13,646.03 as of Feb. 22, 2006), together with late charges in the amount of $493.13, fees in the amount of $50.00, plus advances in the amount of $207.00, made by plaintiff to protect its interest in the Property.  Further payable are recoverable expenses in pursuing this foreclosure action in the amount of $1152.00.

(4)    The balance of the sale proceeds, if any remain, shall be held by the United States Marshal to await further orders of distribution by this court.

The purchaser of the Property being sold is hereby subrogated to all rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

7

As the holder of the first lien (other than real estate taxes), CitiFinancial is authorized to credit bid at the foreclosure sale the amount it is owed under the judgment.  Since CitiFinancial is the first and best lienholder junior only to real estate taxes, if it is the successful bidder at the U.S. Marshal's sale, CitiFinancial shall not be required to make a deposit at the time of the sale. CitiFinancial shall pay the balance of all the Marshal's costs due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above, and entry of an order confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises, or alternatively, the Clerk of the Court of Common Pleas of Cuyahoga County, to release liens filed of record in that office.

**IT IS SO ORDERED**.


Dated:   Mar. 20, 2006              /s/ Kenneth S. McHargh
                                   Kenneth S. McHargh
                                   United States Magistrate Judge